UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA MARIE LEE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | No. 2:16-cv-02565-CKD<br><br><br><br>ORDER |

Plaintiff Jessica Marie Lee seeks judicial review of a final decision by the Commissioner of Social Security ("Commissioner") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI, respectively, of the Social Security Act ("Act").[1] In her motion for summary judgment, plaintiff principally argues that the decision of the administrative law judge ("ALJ") is based upon legal error. (See ECF No. 15.) The Commissioner opposed plaintiff's motion and filed a cross-motion for summary judgment. (ECF No. 18.)

After carefully considering the record and the parties' briefing, the court DENIES plaintiff's motion for summary judgment, GRANTS the Commissioner's cross-motion for

---

[1] The parties have consented to magistrate judge jurisdiction. ECF Nos. 7 and 8.

1

summary judgment, and AFFIRMS the Commissioner's final decision.

I.     BACKGROUND

Plaintiff was born on March 15, 1983. (Administrative Transcript ("AT") 183.)[2] On July 3, 2012, and July 19, 2012, plaintiff applied for DIB and SSI, respectively, alleging that her disability began on July 20, 2009. (AT 183–95.) Plaintiff claimed that she was disabled due to right wrist repair, right elbow pain, and asthma. (AT 31, 213.) After plaintiff's application was denied initially and on reconsideration, an ALJ conducted a hearing on December 17, 2014. (AT 45–70.) On February 28, 2015, the ALJ issued a decision determining that plaintiff had not been under a disability as defined in the Act from July 20, 2009, through the date of the decision. (AT 26–38.) This decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on August 30, 2016. (AT 1–4.) Plaintiff filed this action on October 27, 2016, to obtain judicial review of the Commissioner's final decision. (ECF No. 1.)

II.     ISSUES PRESENTED

Plaintiff challenges whether the ALJ improperly weighed the medical opinion evidence.

III.     LEGAL STANDARD

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citation omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational

---

[2] Because the parties are familiar with the factual background of this case, including plaintiff's medical and mental health history, the court does not exhaustively relate those facts in this order. The facts related to plaintiff's impairments and treatment will be addressed insofar as they are relevant to the issues presented by the parties' respective motions.

2

interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

"[A] reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency." Sec. & Exch. Comm'n v. Chenery Corp., 332 U.S. 194, 196 (1947). At the same time, in the context of Social Security appeals, "[a]s a reviewing court, we are not deprived of our faculties for drawing specific and legitimate inferences from the ALJ's opinion. It is proper for us to read the . . . opinion, and draw inferences . . . if those inferences are there to be drawn." Magallanes v. Bowen, 881 F.2d 747, 755 (9th Cir. 1989).

IV. DISCUSSION

    A.    Summary of the ALJ's Findings

The ALJ evaluated plaintiff's entitlement to DIB and SSI pursuant to the Commissioner's standard five-step analytical framework.[3] Preliminarily, the ALJ determined that plaintiff met the

---

[3] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program. 42 U.S.C. §§ 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. §§ 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing her past relevant work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

3

insured status requirements of the Act through December 31, 2014.  (AT 28.)  At step one, the ALJ concluded that plaintiff has not engaged in substantial gainful activity since July 20, 2009, the alleged onset date.  (Id.)  At step two, the ALJ found that plaintiff "has the following severe impairments: right cubital tunnel syndrome, right wrist triangular fibrocartilage injury, and degenerative disc disease."  (Id.)  However, at step three the ALJ concluded that plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."  (AT 30.)

Before proceeding to step four, the ALJ assessed plaintiff's residual functional capacity ("RFC"), finding that plaintiff could perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that plaintiff:

> can occasionally push and pull with the right upper extremity.  She should lift predominately with the left upper extremity.  The claimant can occasionally crawl and climb ladders, ropes, and scaffolds.  She can occasionally handle and finger with the right upper extremity.  The claimant can occasionally reach overhead with the right upper extremity.  Additionally, she should avoid concentrated exposure to colds and pulmonary irritants such as dusts, fumes, and gases.

(AT 30.)  At step four, the ALJ determined that plaintiff is unable to perform any past relevant work.  (AT 36.)  However, at step five, the ALJ found that, in light of plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that plaintiff could have performed.  (AT 37.)  Thus, the ALJ concluded that plaintiff had not been under a disability, as defined in the Act, from the alleged onset date, July 20, 2009 through February 28, 2015.  (AT 37–38.)

B.  Plaintiff's Substantive Challenges to the Commissioner's Determinations

The sole issue plaintiff raises on appeal is whether the ALJ improperly weighed the medical opinion evidence.  Specifically, plaintiff argues that the ALJ failed to articulate a legally sufficient rationale to reject the opinions of Mathias Masem, M.D.  (See ECF No. 15 at 4–9.)

---

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.

4

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. Holohan v. Massanari, 246 F.3d 1195, 1201-02 (9th Cir. 2001); Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). Generally speaking, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion carries more weight than a non-examining physician's opinion. Holohan, 246 F.3d at 1202.

To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) there are contradictory opinions in the record; and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. Lester, 81 F.3d at 830–31. In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons. Id. at 830. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (supported by different independent clinical findings), the ALJ may resolve the conflict. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)). The regulations require the ALJ to weigh the contradicted treating physician opinion, Edlund, 253 F.3d at 1157,[4] except that the ALJ in any event need not give it any weight if it is conclusory and supported by minimal clinical findings. Meanel v. Apfel, 172 F.3d 1111, 1114 (9th Cir. 1999) (treating physician's conclusory, minimally supported opinion rejected); see also Magallanes, 881 F.2d at 751. The opinion of a non-examining professional, by itself, is insufficient to reject the opinion of a treating or examining professional. Lester, 81 F.3d at 831.

Here, from October 19, 2009 through May 21, 2013, orthopedic hand specialist Mathias Masem, M.D. treated plaintiff for conditions in her right upper extremity. (See AT 321–30, 338–39, 445–48, 475–76, 483–92.) As part of plaintiff's state worker's compensation claim, Dr.

---

[4] The factors include: (1) length of the treatment relationship; (2) frequency of examination; (3) nature and extent of the treatment relationship; (4) supportability of diagnosis; (5) consistency; and (6) specialization. 20 C.F.R. § 404.1527.

5

Masem provided opinions, variously finding that plaintiff was unable to work or able to perform modified duty work. (See Id.) The various limitations opined by Dr. Masem are contradicted by the opinions of examining physician Jenna Brimmer, M.D., and reviewing medical consultants Marilyn Orenstein M.D. and Alan Coleman, M.D. (See AT 79–82, 104–07, 437–41.) As such, the ALJ was required to provide specific and legitimate reasons for discounting the opinions of Dr. Masem. See Lester, 81 F.3d at 830.

Before weighing the medical opinion evidence, the ALJ first described plaintiff's medical conditions and longitudinal progress in detail. (See AT 32–33.) In light of the record, the ALJ gave significant weight to the opinions of Drs. Brimmer, Orenstein, and Colemen, and partial weight to the opinions of Dr. Masem. (See AT 33–35.) As to Dr. Masem, the ALJ explained:

> The claimant's treating providers provided different statements about her ability to work. They stated the claimant could not work or she could perform modified duty work with her left upper extremity [AT 321–30, 338–39, 445–48, 459–60, 463–64, 466, 475–87, 491–92].[5] According to Social Security Ruling 96-5p, administrative findings, such as opinions about whether an individual is disabled or unable to work, are reserved for the Commissioner. The undersigned affords these opinions partial weight. While these opinions may have represented the claimant's ability to function at the time they were provided, they are remote and not indicative of the claimant's current limitations.
>
> The claimant's treating provider Mathias A. Masem, M.D., indicated the claimant could not lift, push, or pull more than ten pounds. He also stated the claimant is precluded from frequent and or repetitive manual activities [AT 488]. He also indicated the claimant has fifty percent grip strength loss, which corresponds to a twenty percent upper extremity impairment. He stated the claimant would have a total whole-person impairment of nineteen percent based on her pain and upper extremity [AT 484]. In May 2013, he said the claimant could work but she would be limited to sedentary work with no lifting, pushing, pulling, or repetitive grasping [AT 445].
>
> The undersigned affords th[ese] opinions partial weight because they are overly restrictive. First, claimant's treating provider's statements are inconsistent with each other. Second, the claimant's treating provider simply concluded the claimant could only perform

---

[5] At Bay Area Hand Surgery Associates, plaintiff was treated by Dr. Masem and Kelly Maris-Weissburg, R.N., N.P. While NP Maris-Weissburg completed check-box forms indicating that plaintiff was temporarily precluded from work, she did not opine with any specificity on any of plaintiff's alleged limitations. (See AT 459–60, 463–64, 466.) In any event, plaintiff does not challenge the ALJ's weighing of the evidence as it pertains to NP Maris-Weissburg.

> sedentary work with significant limitations without explaining his reason for his limitations. For instance, despite his conclusion, his physical examination showed the claimant had full hand and wrist motion with slightly decreased sensibility in the right little finger [AT 445]. Additionally, the claimant[] is able to use her left upper extremity and treatment notes indicate the claimant walks for long periods [AT 574, 741]. Third, although the undersigned notes Dr. Masem's conclusion that the claimant has a whole percent impairment, . . . administrative findings, such as opinions about whether an individual is disabled or unable to work, are reserved for the Commissioner.

(AT 34.)

These specific reasons for rejecting Dr. Masem's opinion are supported by substantial evidence in the record. First, as the ALJ pointed out, Dr. Masem's opinions are inconsistent with one another. For example, as the ALJ observed, in the June and September of 2010, Dr. Masem opined that plaintiff was "precluded from lifting, pushing and pulling more than 10 lbs" (AT 488), and that plaintiff had a "50% grip strength loss, which would correspond to a 20% upper extremity impairment. . . . for a total whole-person impairment of 19%." (AT 484.) Then, inconsistently, on May 21, 2013, Dr. Masem opined that "Ms. Lee could work. However, this would be sedentary work with no lifting, pushing, pulling, or repetitive grasping." (AT 445.)

Second, not only are these opinions inconsistent, but Dr. Masem's May 21, 2013 opinion is not supported by his own objective findings in the record. As the ALJ pointed out, the limitations opined by Dr. Masem are contradicted by his own findings, from the same day, that

> There is full passive motion of the right elbow and full elbow motion bilaterally. There is minimal medial epicondyle tenderness on the right side. There is full hand and wrist motion with slightly decreased sensibility in the right little finger. There is no intrinsic muscle weakness or atrophy bilaterally.

(AT 445.) Additionally, the ALJ appropriately pointed to other evidence in the record demonstrating that plaintiff is able to use her left upper extremity and to walk for long periods of time. (See AT 34, 574, 741.)

Third, the ALJ correctly observed that "administrative findings, such as opinions about whether an individual is disabled or unable to work, are reserved for the Commissioner," notwithstanding Dr. Masem's opinion that plaintiff had a whole person impairment. (AT 34.) Dr. Masem's opinions were based on the law governing worker's compensation claims. Findings

of disability for purposes of other programs or agencies are not binding in social security cases, because such programs may have rules that differ from social security law. See 20 C.F.R. § 404.1504. While the court considers these documents as part of the entire record, they are not dispositive. As such, the ALJ was not bound by Dr. Masem's opinions.

Fourth, as explained, the ALJ gave significant weight to the opinions of Drs. Brimmer, Orenstein, and Colemen, and partial weight to the opinions of Dr. Masem. (See AT 33–35.) In so doing, the ALJ specifically found that

> [Dr. Brimmer's] limitations are based on her examination and coincide with the medical evidence. Additionally, the evidence shows the claimant had full passive motion of the elbow with some limited extension, full hand and wrist motion with slight decreased sensibility in the little finger and no intrinsic muscle weakness.
>
> [. . .]
>
> The undersigned affords [the opinions of Drs. Orenstein and Colemen] significant weight because they are consistent with the medical evidence that shows that claimant had full passive motion of the elbow with some limited extension, full hand and wrist motion with slight decreased sensibility in the little finger and no intrinsic muscle weakness.

(AT 34–35.) These conclusions are supported by substantial in the evidence, specifically, Dr. Brimmer's November 16, 2012 consultative examination, as well as Dr. Masem's objective findings from February and May of 2013. (See AT 437–441, 445, 447.)

Therefore, the court finds that the ALJ provided several specific and legitimate reasons, supported by substantial evidence in the record, for discounting Dr. Masem's opinions. While plaintiff would have weighed the medical opinion evidence differently than the ALJ, the court must uphold the ALJ's decision when "the evidence is susceptible to more than one rational interpretation" and the decision is supported by substantial evidence in the record. See Tommasetti, 533 F.3d at 1038.

V. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 15) is DENIED.

2. The Commissioner's cross-motion for summary judgment (ECF No. 18) is

GRANTED.

3. The final decision of the Commissioner is AFFIRMED, and judgment is entered for the Commissioner.

4. The Clerk of Court shall close this case.

Dated: February 1, 2018

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

14/ss.16-2565.lee.order MSJ